UNITED STATES DICTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYRONNE MCKAY, JR.

Plaintiffs,

- v -

Civil Action No.:

ORIGINAL COMPLAINT

FRESENIUS MEDICAL CARE
DIALYSIS GROUP, LLC
D/B/A Fresenius Kidney Care Avondale
141 S. Jamie Drive, Avondale, LA 70094
Defendants.

Judge:

Magistrate:

COMPLAINT FOR
NEGLIGENCE/MALPRACTICE RES IPSA
LOQUITAR; INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS,
DECLARATORY RELIEF AND
CONSTITUTIONAL CHALLENGE TO
STATE STATUTE

Statutory Agent:

CT CORPORATION
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

COMPLAINT FOR NEGLIGENCE/MALPRACTICE RES IPSA LOQUITAR;
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, DECLARATORY RELIEF
AND CONSTITUTIONAL CHALLENGE TO STATE STATUTE

## I.      JURISDICTION AND VENUE

1.      This is a civil action authorized by Article III Section 2 of the United States Constitution

to redress controversies "between citizens of different states." The Court has jurisdiction under 28 U.S.C. Section 1332.

2.      This is an action for declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

3.      The Court also has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367, to consider the Complainant's Constitutional challenge of a Louisiana state statute, known as the Medical Malpractice damages Cap Statute Louisiana Revised Statutes 40:1299.42(B)(1), which provides for a damages cap which limits the liability of qualified health care providers for injuries which result from their malpractice.

4.      The Western District of Louisiana is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II.      PLAINTIFF

5.      Complainant, Tyronne McKay, Jr., a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, for his Complaint against Defendant, Fresenius Medical Care Dialysis Group, LLC hereinafter "Defendant," or "FMC," states as follows:

6.      Complainant at all times relevant herein relative to the time of negligence/malpractice and intentional infliction of emotional distress, was patient at FMC, receiving dialysis treatment three (3) times weekly, at 141 S. Jamie Drive Avondale, LA 70094.

## III.      DEFENDANTS

7.      First named defendant is Fresenius Medical Care Dialysis Group, LLC, who upon information and belief is a domestic corporation licensed to do and doing business in the State of

Louisiana, which at all times mentioned herein, owned and operated Fresenius Medical Care, Avondale 141 South Jamie Blvd., Avondale, LA 70094.

8.      Second named defendant is Troy Chesterman, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, who at all times mentioned herein, is the Director of Fresenius Medical Care, Avondale 141 South Jamie Blvd., Avondale, LA 70094.

9.      Third named defendant is XYZ Insurance Company whose current identity is unknown to petitioner and best known to defendant Fresenius Medical Care Louisiana Dialysis Group, LLC, who upon information and belief, maintained a policy of liability insurance for Fresenius Medical Care Louisiana Dialysis Group, LLC.

10.     At all relevant times, CT Corporation System, 1300 East 9th Street Cleveland, Ohio 44114 is listed on the Ohio Secretary of State's official website as the statutory agent authorized by appointment or by law to receive service of process for the Defendant.

11.     Defendants, should a suit for damages be brought, are jointly, severally, and in solido liable onto petitioner for the damages complained of herein for the following reasons to wit:

12.     Prior to September 2, 2015, Complainant had received dialysis care at FMC for about seven (7) years.

13.     Prior to September 2, 2015, Complainant received dialysis care three time weekly at FCM.

14.     Prior to and after September 2, 2015, the Complainant's diabetic condition was designated as "unstable," because of the likelihood of adverse medical events.

15.     Prior to September 2, 2015, Complainant had voiced concerns about his treatment to

staff on duty concerning the amount of fluid he retained immediately following treatment.

16.     After having seen another patient suddenly expire at FMC in 2014, Complainant had cause to make inquiries or suggestions concerning his treatment, pursuant to the Diabetic Patient Bill of Rights. (Exhibit    )

17.     FMC logged inquiries made by the Complainant as "negative communications" and "verbal threats," and failed to follow up or develop plans of action concerning on said inquiries made by Complainant.

18.     On Friday, August 28, 2015, the Complainant had reported for his dialysis treatment.

19.     Shortly thereafter, an FMC staff member, Ashley Galliano, who was relocating to another FMC Center, stopped to have a friendly talk with Complainant to tell him that she would not be working at FMC-Avondale after that day.

20.     During the Complainant's and Ms. Galliano's conversation, Defendant, Troy Chesterman, the Director of Fresenius Medical Care -141 South Jamie Blvd., Avondale, LA 70094, walked up and demanded to know what Complainant and Ms. Galliano were talking about.

21.     Taken aback, the Complainant explained that the conversation was a private one between himself and Ms. Galliano, and then asked Mr. Chesterman excuse himself.

22.     Mr. Chesterman became angry and accused the complainant of threatening him.  He demanded that plaintiff leave the premises immediately.

23.     Mr. Chesterman then called law enforcement and reported that the complainant threatened him with physical violence and had posed an immediate threat of harm to the other

patients and FMC staff.

24.     At the time of the subject incident the Complainant weighed, and continues to weigh, about 140 pounds and was attached to the dialysis machine.

25.     When the police arrived, the Complainant was still attached to the dialysis machine.

26.     The police observed that the Complainant was not being threatening or disruptive to Mr. Chesterman or other patients or FMC staff.

27.     Although police had no cause to stay, Mr. Chesterman insisted that the Complainant leave the premises right away.

28.     Mr. Chesterman then ordered FMC staff to remove the Complainant from the dialysis machine, even though he was in the middle of treatment.

29.     After being removed from the dialysis machine, the Complainant then attempted to have his weight checked, which was the normal procedure after having undergone dialysis.

30.     However, while on route to a scale to be weighed, Troy Chesterman, aggressively followed the Complainant in effort to provoke and intimidate him into having an argument.

31.     A police officer then advised Troy Chesterman to stand down and to leave the Complainant alone to go about his way.

32.     The complainant left FMC.

33.     Just a few days later, on or about, September 2, 2015, Complainant's condition rapidly deteriorated.

34.     In his seriously weakened state, Complainant drove himself to the Emergency Department of Ochsner Hospital in Jefferson Parish, Louisiana.

35.    During his renal emergency, Complainant was hospitalized for a week where he received extensive dialysis treatment.

36.    Shortly thereafter his discharged from the Ochsner, Complainant received a back-dated discharge letter dated "9/28/2015", via certified mail from FMC, signed by the Medical Director and Clinical Director.

37.    The correspondence dated, August 28, 2015, also indicated that FMC had mailed correspondence to the Louisiana End State Renal Disease registry, notifying them of Complainant's termination by FMC.

38.    In the same correspondence, FMC purportedly claimed to have sent Complainant's medical records to another provider on  "8/31/2015", and indicated that "[they] are awaiting their decision as of 9/2/2015."

39.    The letter purportedly served to notify the Complainant, an unstable patient, with a high risk for negative health events, that he had been involuntarily terminated from treatment by FMC.

40.    FMC also enclosed with the letter was a list of dialysis providers printed from a webpage listing New Orleans dialysis centers.

41.    Complainant, who was extremely distressed and desperate because of the immediate need for continuing care, was forced to contact each of the providers listed by phone or personally visiting them, in an effort to continue his life-sustaining care, to no avail.

42.    Complainant soon discovered that on information and belief, that Mr. Chesterman, and at least one other FMC staff person, had contacted at least one of the listed dialysis providers and

had deliberately communicated that Complainant was violent, thereby interfering with Complainant's likelihood of acceptance by another provider.

43.     Complainant, who was then in a severely weakened and distressed state, was forced contact numerous dialysis providers, and eventually, he was accepted by a new provider.

44.     Complainant then filed a complaint with the State of Louisiana Department of Health and Hospitals (DHH) concerning the involuntary discharge by FMC,

45.     Complainant reported the incident to the Louisiana Department of Health and Hospitals and after an investigation, the LA-DHH concluded that FMC was deficient in the manner in which Complainant was discharged.


## IV LEGAL CLAIMS

### COUNT ONE
### Negligence/Malpractice

46. Complainant realleges and reaffirm paragraphs 1 through 36 of this Complaint as though fully restated and incorporated herein

47. Defendants, by and through its employees and/or agents, were under a duty to exercise the standard of care required to "safely" involuntarily terminate a patient on dialysis, particularly an unstable patient, such as the Complainant.

48. In breach of those duties and Defendant's negligent conduct, by and through its employees, caused the Complainant to suffer because his health declined without a dialysis provider.

49.     Complainant was hospitalized as a direct result of the negligence of FMC-Avondale's

involuntary termination of dialysis services.

50.     Complainant had a duty to contact the End State Renal Disease network, as soon it was safe, presumably, when Complainant was safely stabilized and with a new provider of dialysis.

51.     FMC failed to place the Complainant with another provider.

52.     Complainant suffered pain, emotional distress, humiliation, and foreseeable and imminent harm, and almost certain death due to his involuntary termination.

53. As a direct and proximate result of Defendants negligent care and treatment, Complainant has suffered and will continue to suffer pain emotional distress and anxiety, he also cannot receive dialysis at the center that is closest to his home because of the involuntary discharge and one information and belief that the FMC employess and staff communicated negative information about Complainant being violent was false.

54. In addition, Complainant has incurred medical, hospital, expenses for the needless involuntary discharge and hostile treatment by FMC and Troy Chesterman.

**COUNT TWO**
Intentional Infliction of
Emotional Distress

55. Plaintiff realleges and reaffirm paragraphs 1 through 54 of this Complaint as though fully restated and incorporated herein.

56. FMC-Avondale had a policy that "automatically" considered patients with a previous history of making medical inquiries or suggestions to the health care team about health care to be "problem patients."

57. This policy violated the patient's bill of rights

58. Designation as a "problem patient" served as pretext for involuntarily terminating patients who were not disruptive.  Even private conversations were cause for Troy Chesterman to interlope on Complainant and Ms. Galliano's friendly conversation.

59. Mr. Chesterman became irate and verbally attacked the Complainant, called police, and then discharged him from treatment at FMC without following proper procedures for dialysis patients.

60. Complainant had a history of unstable medical history concerning his diabetes that FMC was aware of.

61. Defendant was aware that Complainant was in the highest risk category for negative medical events, should his dialysis treatment not be maintained.

62. Defendants' outrageous actions of taking the Complainant off the dialysis in the middle of treatment was outrageous, willful, wanton, and was even shocking to the

63. Defendants' outrageous actions were certain to result in harm and possibly death due to the dialysis being life-sustaining.

64. Defendants' outrageous conduct were done with disregard as to whether the Complainant died from complications due to being involuntarily terminated.

65. On information and belief, FMC's designation and alleged communications to at least one provider, that Complainant was violent were aimed to cause additional hardship for Complainant to find a new provider.

66. The actions and omission of the defendants as described as herein were done maliciously, willfully, wantonly, and in reckless disregard of the plaintiff's rights or

life.

67. The plaintiff further pleads the state law causes of action of the doctrine of respondeat superior as the actions of defendant, Troy Chesterman, and all other agents and/or employees.

### IV.   CONSTITUTIONAL CHALLENGE

68. Plaintiff realleges and reaffirm paragraphs 1 through 67 of this Complaint as though fully restated and incorporated herein.

69. Louisiana Revised Statutes 40:1299.42(B)(1) provides for a damages cap which limits the liability of qualified health care providers for injuries which result from their malpractice. An individual physician may be held liable only for an amount up to $100,000, and a plaintiff's recovery is limited to a total of $500,000 (the Patient's Compensation Fund pays up to $400,000 of that amount).

70. Complainant's and other persons similarly situated are statutorily barred from receiving claims that may actually exceed the statutory cap, hence a constitutional question exists as to whether the state should have the authority to limit recovery when actual damages may exceed the cap.

### IV.     DECLARATORY RELIEF

71. Complainant realleges and reaffirms paragraphs 1 through 54 of this Complaint as though fully restated and incorporated herein.

72. Defendant is a dialysis clinic where patients require treatment with maintaining their serious and life-sustaining renal functions.

73. Complainant as a regular patient of the Defendant for more than a six years prior to his injury.

74. Despite Defendants correspondence to the contrary, Complainant was the responsibility of FMC, because of FMC's failure to follow discharge procedures mandated by Code of Federal Regulation

75. Defendant was aware that Complainant was in a category of high risk for negative medical events because of "unstable" designation.

76. Defendants failed to take reasonable care to safely transfer Complainant to a new provider.

77. As the result of Defendant's failure to exercise reasonable care in the involuntary discharge transfer of Complainant, he sustained serious injuries and suffered a negative medical event.

78. The State of Louisiana DHH's findings concluded that FMC's procedure in the instant matter was deficient.

79. This finding entitles Complainant to a declaratory relief /judgment that FMC violated his rights.


### V.      PRAYER FOR RELIEF

80. WHEREFORE, as to Counts One through Three TYRONNE MCKAY, JR., prays for judgment against Defendants for:

   1) Compensatory damages in an amount of Two Million Dollars ($2,000,000.00), plus

interest, costs, attorneys fees and any other relief that this Court deems appropriate;

2) Punitive damages in an amount of Two Million Dollars ($2,000,000.00), plus interest, costs, attorneys fees and any other relief that this Court deems appropriate;

As to Count Three,

3) A declaratory judgment that Fresenius Breached its Duty to TYRONNE MCKAY by following the 42 C.F.R. 494.180(f)(4),

81. And a judgment declaring that the Louisiana Damages Cap Statute,    is unconstitutional.

82. Any additional relief this court deems just, proper, and equitable.

83. Mr. Bloodsaw also seeks trial by jury.

Respectfully Submitted,

/CRJ                                                    /VE

**CHARLES R. JONES,**                    **VELEKA ESKINDE, ESQ.**
LSBN #07477                                    LSBN #28305
622 Baronne Street                            1615 Poydras
New Orleans, LA 70113                     Suite 900
Phone: (504) 525-7272                       New Orleans, LA 70112
Facsimile: (504) 525-9522                   Phone: (504) 434-0030
Email:crjones@damicolaw.net            Facsimile: 877-769-7826
                                                        Email: velekaeskindelaw@gmail.com

**PLEASE SERVE**

FRESENIUS MEDICAL CARE
DIALYSIS GROUP, LLC
D/B/A Fresenius Kidney Care Avondale
141 S. Jamie Drive, Avondale, LA 70094

through its Agent

Defendants.