# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONNE MCKAY, JR., <br>     Plaintiff | CIVIL ACTION |
| VERSUS | NO. 16-14401 |
| FRESENIUS MEDICAL CARE DIALYSIS GROUP, LLC D/B/A FRESENIUS KIDNEY CARE AVONDALE, <br>     Defendant | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or Alternatively, Motion to stay Proceedings by Defendant, Bio-Medical Applications of Louisiana, L.L.C. d/b/a Fresenius Medical Care Dialysis Services Avondale a/k/a Fresenius Medical Care Avondale ("FMC").[1] Plaintiff has not timely filed an opposition to FMC's motion to dismiss.[2] For the following reasons, FMC's motion to dismiss is **GRANTED IN PART, DENIED IN PART AND DISMISSED IN PART AS MOOT**.

## BACKGROUND

On September 1, 2016, Plaintiff filed his complaint to recover damages stemming from FMC's alleged wrongful discharge of the Plaintiff during his dialysis treatment.[3] Plaintiff argues that FMC and its employee, Troy Chesterman, committed malpractice by failing to "safely" terminate his dialysis treatment on August 28, 2015.[4] Plaintiff also alleges that subsequent to his discharge, FMC, and its employees, contacted at least one

---

[1] R. Doc. 14.
[2] On March 15, 2017, the Court granted Plaintiff's Motion to Continue the submission date of FMC's motion to dismiss. R. Doc. 19. Pursuant to the Court's Order, the submission date was continued until April 19, 2017. *Id.* Accordingly, Plaintiff's response in opposition was due on April 11, 2017. As of the date of this Order and Reasons, Plaintiff has still not filed an opposition on the record.
[3] R. Doc. 1.
[4] *Id.* at ¶ 53.

1

other dialysis provider in an attempt to cause additional hardship for Plaintiff to find a new dialysis provider.[5] In his complaint, Plaintiff raises claims of negligence/malpractice and intentional infliction of emotional distress.[6] Plaintiff also seeks declaratory relief and challenges the constitutionality of Louisiana Revised Statutes section 40:1299.42(B)(1)'s damages cap.[7]

On January 27, 2017 FMC filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or Alternatively, Motion to Stay Proceedings.[8] Plaintiff did not filed an opposition to FMC's motion.[9]

## LEGAL STANDARD

I. <u>Motions to Dismiss Pursuant to Rule 12(b)(1)</u>

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[10] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[11] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[13]

---

[5] *Id.* at ¶ 65.
[6] *Id.* at 7-8.
[7] *Id.* at 9-10.
[8] R. Doc. 14.
[9] *See supra* note 2.
[10] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[11] *See* Fed. R. Civ. P. 12(b)(1).
[12] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[13] *In re FEMA*, 668 F.3d at 287.

"When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[14]

II. <u>Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[18] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[19]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[14] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[17] *Id.*
[18] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[19] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[20] *Twombly*, 550 U.S. at 555.

show[n]'—that the pleader is entitled to relief."[21] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[22]

## LAW AND ANALYSIS

I. Plaintiff's Negligence/Medical Malpractice Claims

The Louisiana Medical Malpractice Act ("LMMA") imposes a prematurity limitation on malpractice claims. The LMMA mandates that all malpractice claims against healthcare providers "shall be reviewed by a medical review panel," and no plaintiff can file suit until the claim is presented to the panel.[23]

Defendants argue that because Plaintiff has not fully complied with the requirements set forth by the LMMA, Plaintiff's malpractice claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[24] In *Collins v. New Orleans Home for Incurables*, a case from within this district in which the plaintiff also filed his malpractice claim without first proceeding through the medical review panel, Judge Barbier explained:

> As an initial matter, the Court recognizes that Rule 12(b)(1) is not the appropriate mechanism for dismissal of Plaintiff's claims. Defendant premises its request for dismissal under both Rule 12(b)(1) and Rule 12(b)(6) on the same arguments and makes no attempt to distugish its arguments for either mode of dismissal. Defendant provides no legal support for his dismissal pursuant to Rule 12(b)(1). Instead, Defendant relies entirely on cases in which courts have dismissed medical malpractice claims for failure to submit to a medical review panel under Rule 12(b)(6). Because Defendant has not provided the Court with, nor is the Court aware of, any case in which an LMMA claim has been dismissed for reasons of prematurity pursuant to Rule 12(b)(1), the Court will not adopt the evidentiary standard in Rule 12(b)(1) and will instead consider Defendant's motion in light of the legal standard provided by Rule 12(b)(6).[25]

---

[21] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[22] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[23] La. Rev. Stat. § 40:1299.47(A), (B)(1)(a)(i).
[24] R. Doc. 14 at 1.
[25] 2015 WL 4168727, at *3 (E.D. La. July 9, 2015).

In order to consider whether dismissal is appropriate pursuant to Rule 12(b)(6), it is necessary to determine whether Plaintiff's claims actually sound in medical malpractice, as Defendants allege. The LMMA defines the term "malpractice" as:

> [A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omission during the procurement of blood or blood components, in the training and supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.[26]

"Both this Court and Louisiana courts have recognized that in order to protect the rights of torts victims, the definition of malpractice under the LMMA must be strictly construed and should not be interpreted to include all forms of liability of a health care provider."[27] "All other liability on the part of health care providers which falls outside of the definition of malpractice is governed by relevant statutes or general tort law."[28]

In determining whether a claim is considered one for malpractice governed by the LMMA, this Court is guided by the following factors enumerated by the Louisiana Supreme Court in *Coleman v. Deno*: (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;

---

[26] La. R.S. 40:1231.1(A)(13)
[27] *Collins*, 2015 WL 4168727, at *4 (citations omitted).
[28] *Id.* (citing *Williams v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-0451 (La. 12/1/04); 888 So. 2d 782, 786).

5

(5) whether the injury would have occurred if the patient had sought treatment; and (6) whether the tort alleged was intentional.[29]

The Court first recognizes that Plaintiff explicitly states that his claims pursuant to count one of his complaint are for Negligence/Malpractice.[30] Plaintiff specifically alleges that Defendants were under a duty to exercise the standard of care required to safely terminate a patient on dialysis and that Defendants, in breach of those duties, negligently terminated his dialysis treatment at FMC.[31] Beyond the allegations in Plaintiff's complaint, the application of the six *Coleman* factors clearly demonstrates that Plaintiff's claims pursuant to count one of his complaint constitute malpractice as envisioned by the LMMA.

First, the Plaintiff's claim of negligence/malpractice with respect to his termination of treatment at FMC clearly is "treatment related" as Plaintiff alleges it was caused by a dereliction of professional skill. Second, expert medical evidence is necessary to determine whether the Defendants breached the appropriate standard of care when they terminated Plaintiff's dialysis treatment. With respect to the third factor, it is not clear whether the Defendants' decision to terminate Plaintiff's treatment involved an assessment of his condition. Fourth, it is clear that the Defendants' decision to terminate Plaintiff's dialysis treatment was clearly within the scope of the activities for which FMC, as a dialysis treatment center, is licensed to provide. Fifth, it is clear that Defendants' decision to terminate Plaintiff's treatment could not have occurred without Plaintiff having sought treatment. Sixth, it is clear from the face of Plaintiff's complaint that his

---

[29] 01-1517 (La. 1/25/02), 813. So. 2d 303, 315-16.
[30] R. Doc. 1 at 7.
[31] *Id.*

6

claims related to count one of his complaint are for the Defendants' negligence/malpractice and therefore are not claims regarding intentional torts.

Because the Court finds that Plaintiff's claims pursuant to count one of his complaint are claims that fall within the purview of the LMMA, Plaintiff is statutorily required to first present his claims to a medical review panel. On August 25, 2016, shortly before filing his complaint in this Court, Plaintiff filed his Medical Review Panel Request.[32] Because Plaintiff's claims have not yet been reviewed by a medical review panel, Defendant's motion to dismiss count one of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

II. Plaintiff's Claim for Intentional Inflection of Emotional Distress

Plaintiff, in count two of his complaint, alleges claims for intentional infliction of emotional distress.[33] Plaintiff alleges that FMC had a policy that "automatically" considered patients with a previous history of making medical inquiries or suggestions to the health care team about health care to be "problem patients."[34] Plaintiff alleges that this designation as a "problem patient" served as pretext for involuntarily terminating patients who, in reality, were not disruptive.[35] After being involuntarily terminated by

---

[32] In deciding a motion to dismiss for failure to state a claim, courts are generally confined to considering evidence contained in the pleadings. In fact, if a court considers evidence outside of the pleadings, "the motion shall be treated as one for summary judgment." *In re Katrina canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing Fed. R. Civ. P. 12(b) (internal quotations omitted)). However, the fifth Circuit has recognized that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Swell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). As explained above, the LMMA requires that a plaintiff first present his claim to a medical review panel. Accordingly, Plaintiff's Medical Review Panel Request, Record Document 14-2 at 3, is a necessary part of Plaintiff's claim, the Court will consider this document as part of the Defendants' Motion to Dismiss. However, it is not necessary that the Court consider this document as the LMMA requires a Plaintiff to demonstrate to the Court that he presented his claim to a medical review panel prior to filing his complaint.
[33] R. Doc. 1 at 8-9.
[34] *Id.* at 8.
[35] *Id.*

FMC, Petitioner alleges his being labeled as a "problem patient" and FMC's alleged communications of this label to at least one other provider, cause him additional hardship as he searched for a new dialysis provider.[36]

Under Louisiana law, damages due to intentional acts require that the defendant must have desired the result or realized to a virtual certainty that the result would occur.[37] A "defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, but it is not classed as an intentional wrong."[38] Intentional torts are not subject to the LMMA and its statutory requirement,[39] outlined above, requiring a plaintiff to bring his claim before a medical review panel prior to filing a suit in court. With respect to count two of Plaintiff's complaint, FMC argues, "Artful pleading in a complaint will not defeat the applicability of the Act where, like here, a claim primarily, if not exclusively, sound in malpractice."[40] "Once it is determined that a claim falls within the purview of the LMMA, however, it is subject to the provisions of the LMMA *even though alternative theories of liability are possible.*"[41] "Use of the word 'intent' in these paragraphs is not a talisman that can change the allegations into colorable claims of true intentional torts."[42]

It is clear that count two of Plaintiff's complaint, which alleges claims of intentional infliction of emotional distress, pertains to two separate and distinct actions. The first

---

[36] *Id.* at 9.
[37] *Rachal v. Tenet Health Care Sys.*, 2003-0630 (La. App. 4 Cir. 11/12/03), 860 So. 2d 1175.
[38] *Keating*, 610 F.2d at 332 (citation omitted).
[39] *See, e.g. Butler v. Louisiana State Univ. Health Scis. Ctr.*, 2012 WL 7784402, at *3 (W.D. La. Nov. 19, 2012) ("Louisiana law is that 'malpractice' subject to the administrative requirements does not include intentional torts, but 'examination of the nature of the acts must be conducted to determine whether they truly constitute intentional torts as alleged by the plaintiffs.").
[40] R. Doc. 14-1 at 12.
[41] *Dading v. Goodyear Tire & Rubber Company*, 2005 WL 2037450, at *2 (E.D. La. July 25, 2005) (*Rogers v. Synthes, Ltd.*, 626 So. 2d 775, 777 (La.App. 2d Cir. 1993) (emphasis in original)). *See also, Youngblood v. Alliance Pharm.*, 1998 WL 676800, at *3 (E.D. La. Sept. 30, 1998).
[42] *Keating v. Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980).

action is Plaintiff's discharge from dialysis treatment at FMC.[43] The second action is FMC's communication with at least one other dialysis provider that Plaintiff was violent.[44]

As discussed above, in order to determine whether a claim is considered one for malpractice governed by the LMMA, this Court is guided by the factors enumerated by the Louisiana Supreme Court in *Coleman v. Deno*. With respect to the first action, after analyzing the claim under the six *Coleman* factors, it is clear that Plaintiff's claim for intentional infliction of emotional distress related to his discharge from treatment at FMC is a claim based on negligence covered by the LMMA. With respect to Plaintiff's intentional infliction of emotional distress claim relating to actions regarding his termination of treatment at FMC, Defendants' motion to dismiss is granted.

Plaintiff's second basis for intentional infliction of emotional distress relates to FMC's alleged conduct *after* the termination of Plaintiff's dialysis treatment at FMC. The Court must apply the six *Coleman* factors to this claim. First, it is clear that Plaintiff's allegations that FMC contacted other dialysis providers is not "treatment related" as Plaintiff was no longer a patient. It also is clear that the wrong was not caused by a dereliction of professional *skill*. Second, the conduct does not require expert medical evidence to determine whether the appropriate standard of care was breached. Third, the pertinent act did not involve an assessment of the patient's condition. Fourth, the incident occurred *after* the termination of the Plaintiff's treatment relationship with FMC. The fifth factor is not applicable to the factual allegations raised in Plaintiff's second basis for intentional infliction of emotional distress. The sixth factor, whether the tort alleged was intentional, weighs heavily against the Defendants' argument that this claim is covered by

---

[43] R. Doc. 1 at ¶¶ 56-64.
[44] *Id.* at ¶ 65.

the LMMA. Plaintiff alleges FMC contacted at least one other provider and that FMC's conduct was "aimed to cause additional hardship for Complainant to find a new provider."[45] Accordingly, based on the facts alleged in Plaintiff's complaint, Plaintiff's claim for intentional infliction of emotional distress related to the alleged conduct by FMC *after* his dialysis treatment at FMC was terminated is not covered by the LMMA. Defendants' motion to dismiss for failure to state a claim with respect to Plaintiff's claim for intentional infliction of emotional distress based on the alleged conduct by FMC *after* his dialysis treatment at FMC was terminated is denied.

III. Plaintiff's Claims Pursuant to the "Anti-Dumping" Statutes

Defendants, in their motion to dismiss, argue that Plaintiff's allegations that FMC contacted another provider to warn of Plaintiff's temperament and deliberately interfered with his ability to enroll at a new dialysis facility appears to be a "backhanded claim under the corresponding federal and State 'anti-dumping' provisions."[46]

Plaintiff does not allege a claim under either Louisiana Revised Statute section 40:2113-2113.6 or Title 42, United States Code, Section 1395dd, the Emergency Medical Treatment and Active Labor Act ("EMTALA"). While Defendants are correct that neither statue would apply, the Court has already determined that the Plaintiff has properly alleged an intentional tort for intentional infliction of emotional distress with respect to the conduct at issue. It is clear that the Plaintiff has not alleged a cause of action under either statute. Defendants' motion to dismiss regarding claims made pursuant to federal and state "anti-dumping" statutes is dismissed as moot.

---

[45] R. Doc. 1 at ¶ 65.
[46] R. Doc. 14-1 at 14.

IV. <u>Whether The General Damages Limitation of the Medical Malpractice Act is Constitutional</u>

Plaintiff contends the medical malpractice damages cap provided by Louisiana Revised Statutes section 40:1299.42(B)(1) is unconstitutional and seeks a declaratory judgment to that effect. As the Defendant accurately identifies, "[T]he Medical Malpractice Act, including the cap on damages, has been held constitutional by the Louisiana Supreme Court and other lower courts on countless occasions."[47] In *Butler v. Flint Goodrich Hospital of Dillard University*, the Louisiana Supreme Court, stating that "the Louisiana Medical Malpractice Act represents a reasonable but imperfect balance between the rights of victims and those of health care providers," ultimately held that the LMMA's cap on damages "does not violate the state or federal constitutions."[48] As Defendants' motion to dismiss is granted with respect to Plaintiff's medical malpractice claims, Defendants' motion to dismiss Plaintiff's claim regarding the constitutionality of the LMMA's general damages limitation is dismissed as moot.

V. <u>Defendants' Motion to Stay Remaining Claims Until the Completion of the Pending Medical Review Panel Proceeding</u>

Defendants request that the Court stay any of Plaintiff's remaining claims in the alternative that the Court not fully grant their motion to dismiss.[49] "A court's authority includes the 'general discretionary power to stay proceedings before it in the control of its docket and in the interest of justice."[50] Although resolution of Plaintiff's intentional tort claim does not necessarily require resolution of Plaintiff's malpractice claim, the intentional tort alleged is clearly factually connected to Plaintiff's negligence claim.

---

[47] R. Doc. 14-1 at 16.
[48] 607 So. 2d 517 (La. 1992).
[49] R. Doc. 14.
[50] *Cark v. Chet Morrison, Inc.*, 2009 WL 425625 at *1 (E.D. La. Feb. 18, 2009) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

Accordingly, it is in the interest of judicial economy to stay Plaintiff's intentional tort claim against the Defendants pending completion of the pending Medical Review Panel proceeding between these same parties.

## CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that Defendants' Motion to Dismiss[51] Plaintiff's claims for negligence/malpractice and for intentional infliction of emotional distress relating to the termination of his treatment at FMC is **GRANTED**. Plaintiff's claims for negligence/malpractice and for intentional infliction of emotional distress relating to the termination of his treatment at FMC are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss[52] Plaintiff's claim for intentional infliction of emotional distress relating to alleged conduct *after* the termination of Plaintiff's treatment at FMC is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss[53] Plaintiff's claims pursuant to the federal and state "anti-dumping" statutes is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss[54] Plaintiff's claim regarding the constitutionality of the Louisiana Medical Malpractice Act's general cap on damages is **DISMISSED AS MOOT** as Plaintiff's claims related to the

---

[51] R. Doc. 14.
[52] *Id.*
[53] *Id.*
[54] *Id.*

Defendants' alleged malpractice are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's claim for intentional infliction of emotional distress relating to alleged conduct *after* the termination of his treatment at FMC is **STAYED AND ADMINISTRATIVELY CLOSED** but may be re-opened upon motion of a party after the completion of Plaintiff's Medical Review Panel proceeding against the Defendants.

**New Orleans, Louisiana, this 8th day of May, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**